# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ E GOMEZ,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　　　　　Defendants. | Case No. 11cv2251 BTM(RBB)<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND LIS PENDENS AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Luz E. Gomez has filed a motion for a temporary restraining order to enjoin Defendants from selling her home at a trustee's sale scheduled for November 3, 2011. Plaintiff also seeks an order for a lis pendens. For the reasons discussed below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND FACTS

On August 27, 2004, Plaintiff and her husband borrowed $339,375.00 from World Savings Bank, FSB. (Request for Judicial Notice in support of Motion to Dismiss (RJN), Ex. A.) The loan was secured by a Deed of Trust on property located at 132 E. Street, Chula Vista, CA 91910 (the "Property"). (RJN, Ex. B.) The Deed of Trust identifies the "Lender" as "World Savings Bank, FSB, its successors and/or assignees." (Id.) The Deed of Trust identifies the Trustee as "Golden West Savings Association Service Co." (Id.)

On December 31, 2007, World Savings Bank, FSB changed its name to "Wachovia Mortgage, FSB." (RJN, Ex. G.). Effective November 1, 2009, Wachovia Mortgage, FSB

changed its name to "Wells Fargo Bank Southwest, N.A.," and merged into Wells Fargo Bank, N.A. (RJN, Ex. I.)

On December 7, 2009, a Notice of Default was recorded. (RJN, Ex. C.) The Notice of Default was issued by Cal-Western Reconveyance Corporation, as "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a deed of trust." The notice informed Plaintiff and her husband that they were in default in the amount of $8,556.22, and explained that payments should be made to "Wells Fargo Bank, N.A., also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A., and formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB."

In a Substitution of Trustee, recorded on April 1, 2011, Wells Fargo (by Cal-Western as Attorney in Fact) substituted Cal-Western as the Trustee. (RJN, Ex. D.) The form was notarized on August 18, 2010, but indicates that the "effective date" is December 3, 2009.

On April 14, 2011, a Notice of Trustee's Sale was recorded. (RJN Ex. E.) The notice, which was signed by Cal-Western Reconveyance Corporation, set the sale for May 5, 2011.

On August 17, 2011, Plaintiff commenced this action in state court. Defendants Wells Fargo Bank, N.A., and Golden West Savings Association Service Co., removed the case to federal court. Defendants have filed a motion to dismiss and motion to strike, which are set for hearing on December 2, 2011.

## II. STANDARD

A plaintiff seeking a preliminary injunction or temporary restraining order must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, 555 U.S. 7, 129 S. Ct. 365, 374 (2008).

The Ninth Circuit has held that the "sliding scale" approach to preliminary injunctions survives Winter when applied as part of the four-element Winter test. Alliance for the Wild

Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).  In other words, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

### III.  DISCUSSION

Plaintiff's motion for a temporary restraining order is premised on Plaintiff's claim that neither Wells Fargo Bank, N.A. ("Wells Fargo"), nor Cal-Western Reconveyance Corporation ("Cal-Western"), had standing to initiate nonjudicial foreclosure proceedings against the Property. As discussed below, Plaintiff has not shown that this claim has any likelihood of success.

Plaintiff argues that because Wells Fargo is not listed in the Note or Deed of Trust, Wells Fargo does not have an interest in the Property and lacks standing to invoke non-judicial foreclosure proceedings.  However, it appears that Wells Fargo is a successor to World Savings Bank, FSB. (RJN, Exs. G-I.) Both the Note and Deed of Trust identify the "Lender" as "World Savings Bank, FSB, a Federal Savings Bank, its successors and/or assignees, or anyone to whom this Note is transferred." (RJN, Exs. A, B.) The Deed of Trust states that the "Lender" is the "Beneficiary." Thus, it seems that Wells Fargo, as the successor to World Savings Bank, FSB, is the "Lender" and "Beneficiary." There is no evidence that Wells Fargo is, as Plaintiff claims, "a stranger to the transaction and an intermeddler who has caused false documents to be recorded."

Plaintiff contends that Cal-Western is not actually the Trustee because Cal-Western was not appointed by the Beneficiary – i.e., World Savings Bank, FSB.  As already discussed, however, it appears that Wells Fargo was the "Beneficiary" and therefore had the authority to substitute Cal-Western as the  Trustee.

Plaintiff also argues that the Substitution of Trustee was invalid because it was recorded *after* the Notice of Default was filed.   Plaintiff is correct that the Substitution of Trustee was recorded (and executed) after the filing of the Notice of Default. But even if Cal-

Western was not the Trustee at the time of the filing of the Notice of Default, Cal-Western could still file the notice as an authorized agent of Wells Fargo.  Under California law, nonjudicial foreclosure proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of their authorized agents" by filing a notice of default with the office of the recorder.  Cal. Civ. Code § 2924(a)(1).

Based on the record before the Court, it appears that Wells Fargo and Cal-Western had standing to initiate non-judicial foreclosure proceedings against the Property.  Plaintiff has not demonstrated that she is likely to succeed on her standing claim.  Therefore, a temporary restraining order is not warranted.

The Court also denies Plaintiff's motion for a lis pendens.  Under California law, a *party* to an action who asserts a real property claim may record a notice of pendency of action in the office of the recorder of each county in which all or part of the real property is situated.  Cal. Civ. Proc. Code § 405.20.   No court order is necessary for Plaintiff to record a notice of lis pendens.

## IV.  CONCLUSION

For the reasons discussed above, Plaintiff's motion for a temporary restraining order and a lis pendens is **DENIED**.  Plaintiffs motion for a preliminary injunction is set for hearing on **December 2, 2011 at 11:00 a.m.**  Unless otherwise directed by the Court, there shall be no oral argument, and no personal appearances are necessary.  Defendants shall file an opposition to the motion for preliminary injunction on or before November 18, 2011. Plaintiff shall file her reply on or before November 28, 2011.

**IT IS SO ORDERED.**

DATED:  October 31, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge