# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ E GOMEZ, | Case No. 11cv2251 BTM(RBB) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS AS TO FEDERAL CLAIMS AND DENYING MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

    Defendants Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank, Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") and Golden West Savings Association Service Co. ("Golden West") have filed a motion to dismiss and a motion to strike. Plaintiff Luz E. Gomez has moved for a preliminary injunction that would enjoin Defendants from selling her home at a trustee's sale. For the reasons discussed below, Defendants' motion to dismiss is **GRANTED** as to the federal claims, and Plaintiff's motion for a preliminary injunction is **DENIED**. The Court defers ruling on the motion to dismiss Plaintiff's state claims and the motion to strike.

## I. BACKGROUND FACTS

    On August 27, 2004, Plaintiff and her husband borrowed $339,375.00 from World Savings Bank, FSB. (Request for Judicial Notice in support of Motion to Dismiss (RJN), Ex. A.) The loan was secured by a Deed of Trust on property located at 132 E. Street, Chula Vista, CA 91910 (the "Property"). (RJN, Ex. B.) The Deed of Trust identifies the "Lender" as "World Savings Bank, FSB, its successors and/or assignees." (Id.) The Deed of Trust

identifies the Trustee as "Golden West Savings Association Service Co." (Id.)

On December 31, 2007, World Savings Bank, FSB changed its name to "Wachovia Mortgage, FSB." (RJN, Ex. G.). Effective November 1, 2009, Wachovia Mortgage, FSB changed its name to "Wells Fargo Bank Southwest, N.A.," and merged into Wells Fargo Bank, N.A. (RJN, Ex. I.)

On December 7, 2009, a Notice of Default was recorded. (RJN, Ex. C.) The Notice of Default was issued by Cal-Western Reconveyance Corporation, as "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a deed of trust." The notice informed Plaintiff and her husband that they were in default in the amount of $8,556.22, and explained that payments should be made to "Wells Fargo Bank, N.A., also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A., and formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB."

In a Substitution of Trustee, recorded on April 1, 2011, Wells Fargo (by Cal-Western as Attorney in Fact) substituted Cal-Western as the trustee. (RJN, Ex. D.) The form was notarized on August 18, 2010, but indicates that the "effective date" is December 3, 2009.

On April 14, 2011, a Notice of Trustee's Sale was recorded. (RJN Ex. E.) The notice, which was signed by Cal-Western Reconveyance Corporation, set the sale for May 5, 2011.

On August 17, 2011, Plaintiff commenced this action in state court. Defendants removed the case to federal court, alleging federal question jurisdiction.

In her Complaint, Plaintiff alleges that Defendants failed to credit mortgage payments that Plaintiff made and initiated non-judicial foreclosure proceedings even though Plaintiff was not in default. Plaintiff also alleges that Defendants lacked standing to initiate non-judicial foreclosure proceedings.[1] Plaintiff asserts the following claims: (1) negligence; (2) fraud; (3) intentional misrepresentation; (4) violation of Cal. Civ. Code § 1572; (5) false light; (6) breach of contract; (7) breach of the implied covenant of good faith and fair dealing;

---

[1] It appears that the facts of Plaintiff's Complaint are derived from a form complaint found at www.msfraud.org/LAW/Lounge/ForeclosureComplaint-CA.doc and www.docstoc.com/docs/67680461/California-Doc-for-Quiet-Title-for-Bank-Fraud.

(8) unjust enrichment; (9) violation of Cal. Bus. & Prof Code §§ 17200 et seq.; (10) quiet title; (11) violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et. seq.; (12) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq.

In an order filed on October 31, 2011 ("TRO Order"), the Court denied Plaintiff's motion for a temporary restraining order and lis pendens. The Court scheduled the motion for preliminary injunction to be heard simultaneously with Defendants' motion to dismiss and motion to strike.

## II.  STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S,Ct. 1937, 1950 (2009) (internal quotation marks omitted).

## III.  DISCUSSION

A. Dismissal of Plaintiff's Federal Claims

Plaintiff's only explicit federal claim is her eleventh claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681. However, it appears that Plaintiff's twelfth cause of action

for unfair and deceptive practices under Cal. Bus. & Prof. Code § 17200 is premised on violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.² Plaintiff has failed to state a claim under the FCRA or TILA.

### 1. FCRA Claim

In her Eleventh Cause of Action, Plaintiff alleges that Defendants violated the FCRA because they willfully reported to the various reporting agencies that Plaintiff was delinquent on her loan obligations and willfully and/or negligently failed to remove the negative credit reporting information of Plaintiff's credit report. (Compl. ¶ 88.)

Because Defendants are not credit reporting agencies, at most they are "furnishers" of credit information and are subject to the requirements set forth in 15 U.S.C. § 1681s-2. Section 1681s-2(a) imposes requirements regarding the furnishing of accurate information. Among other things, § 1681s-2(a) provides that furnishers of information shall not furnish information if the furnisher knows or has reasonable cause to believe that the information is inaccurate, shall correct and update incomplete or inaccurate information already provided, and provide consumer reporting agencies with notice of any dispute with respect to furnished information. Section 1681s-2(b) sets forth duties of the furnisher of information after receiving notice of a dispute under 15 U.S.C. § 1681i(a)(2) (requiring consumer reporting agencies to provide notification of a dispute to the furnisher of the information). The furnisher must conduct an investigation, report the results of the investigation to the consumer reporting agency, and if the disputed information is inaccurate, incomplete, or cannot be verified, the furnisher must modify, delete, or permanently block the reporting of that item of information.

It is well-settled that although there is a private right of action for violations of § 1681s-2(b), there is no private right of action for violations of § 1681s-2(a). Gorman v. Wolpoff &

---

² Plaintiff titles the twelfth cause of action "predatory lending/violation of truth in lending." In addition, Plaintiff alleges that Defendants engaged in predatory lending by failing to disclose all material terms and that the loans "do not plainly and prominently disclose the good faith estimate of closing costs, the site of a yield spread premium paid directly or indirectly, in whole or in part to a mortgage loan officer." (Compl. ¶¶ 92-93.)

Abramson, 584 F.3d 1147, 1154 (9th Cir. 2009). Section 1681s-2(c) specifically provides that §§ 1681n and 1681o, which confer a private right of action for willful or negligent compliance, do not apply to any violation "of subsection (a) of this section, including regulations issued thereunder."

The duties imposed by subsection (b) are triggered when the furnisher receives notice of a dispute from a consumer reporting agency. Gorman, 584 F.3d at 1154. "[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Id.

Plaintiff does not allege that she notified a consumer reporting agency of false/inaccurate information or that Wells Fargo received a notice of dispute from the consumer reporting agency. Therefore, Plaintiff has not stated a claim under subsection (b). See, e.g., Rieger v. American Express Co., 2011 WL 5080188, at *3 (N.D. Cal. Oct. 25, 2011) (dismissing FCRA claim because plaintiff did not allege that the defendant received any notice of his dispute from a credit reporting agency); Abouelhassan v. Chase Bank, 2007 WL 3010421, at *3 (N.D. Cal. Oct. 12, 2007) (dismissing FCRA claim because plaintiff had not alleged that "(1) he notified the CRA of any inaccuracies; (2) the CRA determined they were viable; and (3) Chase was contacted by the CRA.").

2. TILA Claim

In her Twelfth Cause of Action, Plaintiff alleges that Defendants failed to make certain disclosures, including a good faith estimate of closing costs and information regarding a yield spread premium, in violation of "truth in lending." To the extent Plaintiff is attempting to state a claim under TILA, 15 U.S.C. §§ 1601, et seq., Plaintiff's claim is time-barred.

The statute of limitations for a TILA claim for damages is one year from the date of the alleged TILA violation. 15 U.S.C. § 1640(e). Plaintiff's loan closed in August of 2004. Plaintiff did not commence this action until August of 2011. Although equitable tolling of TILA cases is available in some cases, see King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986), Plaintiff has not alleged any facts suggesting that the doctrine of equitable tolling is

applicable here.

### 3. Dismissal

The Court dismisses Plaintiff's FCRA and TILA claim with leave to amend. Plaintiff may file an amended complaint correcting the deficiencies with respect to the federal claims within 20 days of the entry of this Order. If Plaintiff fails to amend the federal claims, the Court will decline to exercise supplemental jurisdiction over the state claims and will remand the case to state court. Accordingly, the Court declines to rule upon the adequacy of the state claims at this time and also defers ruling on the motion to strike.

### B. Motion for Preliminary Injunction

Plaintiff's motion for a preliminary injunction is denied for the same reasons as set forth in the Court's TRO Order. Plaintiff has not submitted any additional papers in support of her motion for preliminary injunction and has not set forth facts supporting her claim that Defendants lack standing to initiate nonjudicial foreclosure proceedings.

As explained in the TRO Order, Wells Fargo is a successor to World Savings Bank, FSB. (RJN, Exs. G-I.) Both the Note and Deed of Trust identify the "Lender" as "World Savings Bank, FSB, a Federal Savings Bank, its successors and/or assignees, or anyone to whom this Note is transferred." (RJN, Exs. A, B.) The Deed of Trust states that the "Lender" is the "Beneficiary." Thus, it seems that Wells Fargo, as the successor to World Savings Bank, FSB, is the "Lender" and "Beneficiary."

Because Wells Fargo was the beneficiary, Wells Fargo had the authority to substitute Cal-Western as the trustee. Even though the Substitution of Trustee was recorded (and executed) after the filing of the Notice of Default, Cal-Western could still file the notice as an authorized agent of Wells Fargo. See Cal. Civ. Code § 2924(a)(1) (providing that nonjudicial foreclosure proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of their authorized agents" by filing a notice of default with the office of the recorder).

Based on the record before the Court, it appears that Wells Fargo and Cal-Western

had standing to initiate non-judicial foreclosure proceedings against the Property. Plaintiff has not alleged any facts establishing otherwise. Therefore, Plaintiff's motion for preliminary injunction is denied.

### IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED** as to Plaintiff's FCRA and TILA claims. Plaintiff is granted leave to file an amended complaint within 20 days of the filing of this Order. If Plaintiff fails to do so, the Court will decline to exercise supplemental jurisdiction over the state claims and will remand the case to state court. The Court defers ruling on the motion to dismiss Plaintiff's state claims and the motion to strike. Plaintiff's motion for a preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 28, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court